

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

No. 02-17-00449-CV

| | | |
|---|---|---|
| JOHN DEE SPICER, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF MISTY CHANEY BRADY; JOHN DEE SPICER, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF BP CHANEY; JOHN DEE SPICER, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF TEXAS RHH, LLC; AND ZERA INC., Appellants | § § § § § | On Appeal from the 17th District Court of Tarrant County (017-275219-14) December 17, 2020 Opinion by Chief Justice Sudderth |

V.

MAXUS HEALTHCARE PARTNERS, LLC,
Appellee

## JUDGMENT ON REHEARING

After reviewing appellants' motion for rehearing, we grant the motion. We withdraw our October 1, 2020 opinion and judgment and substitute the following.

This court has again considered the record on appeal in this case and holds that there was error in the trial court's judgment. We remand the case to the trial court and make the following modifications to the trial court's judgment:

- Having sustained part of Appellants' first and second issues, we
  - delete the award of $31,000 to Maxus under APA Section 2.16;
  - delete the award of $250,000 to Maxus under APA Section 4.15;
  - delete the specific performance requirement as to Zera's Kinnser software system; and
  - remand for the trial court to reconsider the $100,000 awarded to Maxus under APA Section 2.16.

- Having sustained Appellants' third issue, we delete the $115,112.83 awarded to Maxus for breach by Zera and the $250,000 awarded to Maxus against Zera for promissory estoppel.

- Pursuant to Appellants' fourth issue, we reform the harmful-access-of-computer award to reflect $9,000.

- Having sustained part of Appellants' sixth issue, we
  - delete the award of $1,237,655.87 in attorney's fees against Texas RHH;
  - delete the award of $818,525.76 in costs and other expenses against Texas RHH;
  - delete the award of $53,006.09 in attorney's fees against Zera;
  - delete the award of $15,901.83 in attorney's fees against Brady; and
  - delete the award of $15,901.83 in attorney's fees against BP Chaney.

- Having sustained part of Appellants' fifth issue (the remainder of Appellant's fifth issue having been rendered moot per the above), we hold that while Texas RHH is liable for $2.3 million for breach of contract, less the $250,000 settlement credit and the escrow amount, and that Brady is liable for $2.3 million for fraud, less the $250,000 settlement credit and the escrow amount, this portion of the case is remanded to the trial court for Maxus to make an election between its recovery for breach-of-contract claim and for fraud.

It is further ordered that all parties shall bear their own costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

By ___/s/ Bonnie Sudderth_____
    Chief Justice Bonnie Sudderth